Melissa S. Hayward
  Texas Bar No. 24044908
  MHayward@FranklinHayward.com
Julian P. Vasek
  Texas Bar No. 24070790
  JVasek@FranklinHayward.com
**FRANKLIN HAYWARD LLP**
10501 North Central Expy., Suite 106
Dallas, Texas 75231
(972) 755-7100 (*tel.*)
(972) 755-7110 (*facsimile*)

**COUNSEL FOR THE DEBTORS**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In re:** <br><br> **LUKE'S LOCKER INCORPORATED,** *et al.*, <br><br>     **Debtors.** | **Case No. 17-40126** <br> **(Jointly Administered)** <br> **Chapter 11** |

**DEBTORS' MOTION TO REJECT LEASE OF NONRESIDENTIAL REAL PROPERTY BETWEEN LUKE'S LOCKER, INC. AND MCKINNEY/FANNIN PROPERTIES LTD.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Luke's Locker Incorporated ("LLI", and collectively with 2L Austin, LLC ("2LA") and The Quality Lifestyle I, Ltd. ("TQL"), the "Debtors"), the debtors-in-possession in the above captioned bankruptcy cases (the "Bankruptcy Cases"), and file this *Motion to Reject Lease of Nonresidential Real Property Between Luke's Locker, Inc. and McKinney/Fannin Properties Ltd.* (the "Motion"), in support of which the Debtors would respectfully show as follows:

## I.   JURISDICTION AND VENUE

1. The Court has jurisdiction over the Bankruptcy Cases and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of the Bankruptcy Cases before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested in the Motion are 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006.

## II.   BACKGROUND

2. The Debtors have operate retail stores in the Dallas/Fort Worth metroplex, known as Luke's Locker, that specialize in running and fitness apparel, footwear, and other related goods, with a particular focus on providing excellent customer service.  They also provide training programs (running and walking) for their customers, and they help sponsor and host numerous running and walking events throughout the year, including everything from charitable 5Ks to free weekly social runs from the stores. Luke's Locker is a recognized leader in its industry, having won numerous D Magazine Readers' Choice and Best of Big D awards throughout the years.

3.     Luke's Locker's origins go back as far as 1970, when Don Lucas was a Dallas attorney and running enthusiast. The problem then was that shoes specially designed for running were not generally available in Dallas. So Mr. Lucas contacted a company in Oregon called Blue Ribbon Sports. Blue Ribbon sold him shoes for his own use, and he, in turn, sold more of their shoes to fellow Dallas runners out of the trunk of his car. Blue Ribbon Sports officially changed its name to Nike, Inc. in May 1971.

4.     Mr. Lucas's shoe business moved from the trunk of his car, to his garage, and eventually into the first Luke's Locker on Oak Lawn in Dallas. In addition to running shoes, Luke's Locker carries workout gear, sportswear, cross training shoes, track and cross country spikes, tennis shoes, and a host of related accessories. At the time of its bankruptcy filing, Luke's Locker had locations in Austin, Dallas, Fort Worth, Highland Village, Houston, Katy, Plano, Southlake, White Rock Lake, and The Woodlands along with a corporate office and a central distribution warehouse in Dallas.

5.     Unfortunately, as is the case with the brick-and-mortar retail business in general, Luke's Locker suffers from undercutting online competition, though it nevertheless has a fiercely loyal customer base. Luke's Locker also undertook an aggressive expansion campaign in recent years, opening numerous new stores. This led to the Debtors entering into various leases that, with the benefit of hindsight, are more burdensome than the Debtors anticipated.

6.     These problems and others combined to create a serious liquidity crisis. Luke's Locker turns over inventory quickly and with good margins. But without adequate liquidity, Luke's Locker has had a harder and harder time acquiring inventory. And as Luke's began to fall behind with its principal vendors, those vendors began demanding cash in advance further exacerbating the liquidity crisis. In spite of these problems, however, Luke's Locker still

produced $34 million in revenue during the last fiscal year. So the Debtors have sought protection under chapter 11 in order to reorganize their financial affairs and reemerge from bankruptcy free of the burdens that led to their current predicament.

7. After the bankruptcy filing, the Debtors permanently closed their Austin, Highland Village, Houston, Katy, and Woodlands stores and ultimately rejected the store leases associated with those closed locations. The Debtors also closed their corporate office and will be rejecting their central distribution warehouse lease at the end of March 2017. The Debtors currently intend to continue operating only their Dallas, Fort Worth, Southlake, and Plano stores.

8. On January 24, 2017 (the "Petition Date"), the Debtors each filed a voluntary petition under chapter 11 of the Bankruptcy Code, thereby initiating the Bankruptcy Cases. The Debtors continue to operate their businesses as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code. The Court has not appointed a trustee or examiner in the Bankruptcy Cases. The Debtors have requested that the Court jointly administer their cases.

9. As stated above, prior to the Petition Date, the Debtors entered into various non-residential real property leases that are more burdensome than the Debtors anticipated. Such leases include the that certain non-residential real property lease between McKinney/Fannin Properties Ltd. (as landlord) and LLI (as tenant) entered into on or about October 29, 2008, as amended and supplemented from time to time (the "Lease"), pursuant to which LLI leased the premises located at 1344 Crampton, Dallas, Texas 75207 (the "Premises"). The premises is the Debtors' central distribution warehouse.

### III.     RELIEF REQUESTED

10. By this Motion, the Debtors request entry of an order by the Court allowing them to reject the Lease effective as of March 31, 2017. The Debtors, in an exercise of their sound business judgment, have determined that the Lease is too burdensome to maintain, that they no

longer require a central distribution center, and that rejecting the Lease will allow them to reorganize their financial affairs and reemerge from bankruptcy free of the burdens that led to the Debtors' current predicament. As such, rejection of the Lease is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest.

### IV. ARGUMENT AND AUTHORITIES

11. Section 365(a) of the Bankruptcy Code provides that the debtor-in-possession, acting in place of a trustee, "may assume or reject any . . . unexpired lease of the debtor[,]" subject to court approval. 11 U.S.C. § 365(a). The rejection of unexpired leases is reviewed under the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment'") (quoting *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co. (In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*), 318 U.S. 523, 550 (1943)).

12. Where the debtor-in-possession's business judgment has been reasonably exercised, the court should approve the rejection of unexpired leases. Courts do not generally look beyond the "business judgment" standard because "[m]ore exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of the administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing*, 762 F.2d at 1311.

13. Furthermore, rejection of an unexpired lease retroactive to a date prior to the hearing on a motion to reject an unexpired lease is appropriate where the equities of a case so dictate. *See In re Amber's Stores*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996).

14. LLI has evaluated the Lease and the costs and benefits of LLI's obligations thereunder. LLI no longer intends to utilize the central warehouse distribution space which is the

subject of the Lease, and LLI will vacate the Premises no later than March 31, 2017. By rejecting the Lease, LLI's estate will be able to realize a substantial savings in post-petition rent and other obligations which may otherwise be entitled to administrative priority. Accordingly, LLI has determined, in the sound exercise of its business judgment, to reject the Lease.

## V.    PRAYER

WHEREFORE, BASED UPON THE FOREGOING, LLI respectfully requests that the Court enter an order (i) granting the Motion; (ii) allowing LLI to reject the Lease described in the Motion effective as of March 31, 2017; and (iii) granting LLI such other and further relief to which they may be justly entitled.

Dated March 8, 2017.

Respectfully submitted,

/s/ *Melissa S. Hayward*

Melissa S. Hayward
  Texas Bar No. 24044908
  MHayward@FranklinHayward.com
Julian P. Vasek
  Texas Bar No. 24070790
  JVasek@FranklinHayward.com
**FRANKLIN HAYWARD LLP**
10501 North Central Expy., Suite 106
Dallas, Texas 75231
(972) 755-7100 (*tel.*)
(972) 755-7110 (*facsimile*)

**COUNSEL FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 8, 2017, true and correct copies of the foregoing document were served upon the recipients below via U.S. mail:

McKinney/Fannin Properties Ltd.  
3302 Shorecrest Drive  
Dallas, TX 75235  

Champions Management  
3302 Shorecrest Drive  
Dallas, TX 75235

EBJ, LP
825 E. Sanford Street
Arlington, TX 76011

The undersigned further certifies that true and correct copies of the foregoing document were served upon the following recipients via CM/ECF on March 8, 2017:

Karen C. Bifferato on behalf of Creditor The Shops at Legacy (RPAI) L.P.
kbifferato@connollygallagher.com

Micheal W. Bishop on behalf of Creditor IMI Market Street, LLC
mbishop@grayreed.com

Kay D. Brock on behalf of Creditor Travis County
bkecf@co.travis.tx.us

J. Mark Chevallier on behalf of Creditor MP Shops at Highland Village, LLC, d/b/a The Shops At Highland Village
mchevallier@mcslaw.com

Annmarie Chiarello on behalf of Creditor CH Realty VII/R Dallas Arboretum Village, L.P.
achiarello@winstead.com

Annmarie Chiarello on behalf of Creditor Peruna Holdings Corporation
achiarello@winstead.com

Eboney Cobb on behalf of Creditor City of University Park
ecobb@pbfcm.com, ecobb@ecf.inforuptcy.com

Eboney Cobb on behalf of Creditor Highland Park ISD
ecobb@pbfcm.com, ecobb@ecf.inforuptcy.com

Roberta B. Cross on behalf of Interested Party The Woodlands Township
crossrb@justice.com

John P. Dillman on behalf of Creditor Fort Bend County
houston_bankruptcy@publicans.com

John P. Dillman on behalf of Creditor Harris County
houston_bankruptcy@publicans.com

John P. Dillman on behalf of Creditor Montgomery County

houston_bankruptcy@publicans.com

Neil E. Herman on behalf of Creditor Kimco Realty Corporation
nherman@morganlewis.com

Thomas H. Kovach on behalf of Creditor Nike USA, Inc.
kovach@saccullolegal.com

Rakhee V. Patel on behalf of Creditor Peruna Holdings Corporation
rpatel@winstead.com, lbayliss@winstead.com

Marcus Salitore on behalf of U.S. Trustee US Trustee
marc.f.salitore@usdoj.gov

R. Spencer Shytles on behalf of Creditor Excel Southlake I, L.P.
rss@gbstxlaw.com

Laurie A. Spindler on behalf of Creditor Dallas County
laurie.spindler@lgbs.com, Matilde.Alvarado@lgbs.com

Laurie A. Spindler on behalf of Creditor Harris County
laurie.spindler@lgbs.com, Matilde.Alvarado@lgbs.com

Laurie A. Spindler on behalf of Creditor Montgomery County
laurie.spindler@lgbs.com, Matilde.Alvarado@lgbs.com

Laurie A. Spindler on behalf of Creditor Tarrant County
laurie.spindler@lgbs.com, Matilde.Alvarado@lgbs.com

Jason Starks on behalf of Creditor Texas Comptroller of Public Accounts
bk-jstarks@texasattorneygeneral.gov, sherri.simpson@texasattorneygeneral.gov

Jamie R Welton on behalf of Creditor The Richards Group, Inc. d/b/a Click Here Labs
jrw@lhlaw.net


/s/ *Melissa S. Hayward*
Melissa S. Hayward